**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SAMSON RESOURCES COMPANY, ) | |
| SAMSON LONE STAR, LLC, ) | |
| SAMSON CONTOUR ENERGY E&P, LLC, ) | |
| ) | |
| **Plaintiffs,** ) | |
| vs. ) | Case No. 08-CV-752-TCK-SAJ |
| ) | |
| ) | |
| **J. ARON & COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Defendant's Motion for Protective Order Staying Discovery Pending Resolution of its Motion to Dismiss, Transfer, or Stay ("Motion to Stay Discovery") (Doc. 39), wherein Defendant requests that the Court stay discovery pending the Court's ruling on its Motion to Dismiss Or, In the Alternative, Transfer or Stay This Action ("Motion to Dismiss or Transfer") (Doc. 19). Plaintiffs object to the stay of discovery, arguing that Defendant has not shown good cause for a stay.

Defendant's motion is made pursuant to Federal Rule of Civil Procedure 26(c), which governs motions for protective orders. Rule 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The moving party bears the burden of showing good cause for entry of a protective order. *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-556-CVE-PJC, 2008 WL 3992789 (N.D. Okla. Aug. 25, 2008) (Cleary, J.). In the context of Rule 26(c), "good cause" requires a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Id.*

Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion, *see Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted by this Court or other district courts within the Tenth Circuit. *See TSM Assoc., LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) (McCarthy, J.) ("Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."); *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending."). Nonetheless, such stays may be appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Kutilek,* 132 F.R.D. at 298. Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Schmaltz v. Smithkline Beecham Corp.*, No. 08-CV-119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

Defendant contends that "good cause" exists for entry of a stay in order to: (1) avoid potentially unnecessary costs of discovery; (2) avoid inconsistencies with the proceedings in *In re SemCrude, L.P., et al.*, Case No. 08-11525 (D. Del.) ("Bankruptcy Proceeding"); and (3) avoid interference with the bankruptcy court's ability to "sequence and coordinate discovery to minimize the burden on the reorganzing Debtors and other parties-in-interest" in the Bankruptcy Proceeding. (Mot. to Stay 2.) Plaintiffs argue that this does not constitute good cause because (1) the bankruptcy

court refused to enjoin this and similar actions, indicating that the Motion to Dismiss or Transfer is not likely to succeed, and (2) the remainder of Defendant's arguments consist entirely of speculative discovery problems.

The Court concludes that Defendant has shown good cause for staying discovery in this case and that the balance of interests weighs in favor of staying the litigation pending the Court's ruling on the Motion to Dismiss or Transfer. The Court finds "good cause" based on the related Bankruptcy Proceeding and the *potential* for inconsistencies in discovery and case management between the two cases. The parties sharply dispute whether the claims asserted here will be litigated in the Bankruptcy Proceeding, and the Court makes no findings as to the ultimate resolution of the issues presented in the Motion to Dismiss or Transfer. Nonetheless, before the Court can make a determination as to whether dismissal or transfer to the bankruptcy court is appropriate, the Court finds it most prudent to stay discovery in order to avoid inconsistent rulings on discovery/case management issues and to avoid improper use of discovery in this forum. For example, Defendant contends that the type of discovery sought here has been stayed in the Bankruptcy Proceeding pending resolution of certain threshold questions of law and that Plaintiffs are "[s]eeking an end-run around that stipulation." (Mot. to Stay Discovery 2.) Further, the issues presented are complex and will require extensive case management and discovery rulings by the magistrate judge, all of which may be avoided in the event the litigation is dismissed or transferred. In addition, Plaintiffs have not identified specific prejudice they will suffer in the event a stay is granted. Accordingly, the Court finds good cause to stay discovery pending resolution of the Motion to Dismiss or Transfer.

Defendant's Motion to Stay Discovery (Doc. 39) is GRANTED.

**IT IS SO ORDERED** this 8th day of June, 2009.

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**